PROB 12C
(6/16)

Report Date: June 8, 2021

# United States District Court

### for the

### Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 09, 2021

SEAN F. McAVOY, CLERK

## Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Stephen Williams Knox     Case Number: 0980 2:15CR0006-WFN-1

Address of Offender:     Washington 99212

Name of Sentencing Judicial Officer: The Honorable Wm. Fremming Nielsen, Senior U.S. District Judge

Date of Original Sentence: October 27, 2015

| | |
|---|---|
| Original Offense: | Distribution of Child Pornography, 18 U.S.C. § 2252A(a)(2) and (b)(1) |
| Original Sentence: | Prison - 60 Months; TSR - 10 Years |
| | Type of Supervision: Supervised Release |
| Revocation Sentence: (February 3, 2021) | Prison - 3 Months; TSR - 20 Years |
| Asst. U.S. Attorney: | James A. Goeke |
| | Date Supervision Commenced: May 30, 2021 |
| Defense Attorney: | J. Houston Goddard |
| | Date Supervision Expires: May 29, 2041 |

## PETITIONING THE COURT

To issue a **SUMMONS**.

The probation officer believes that the offender has violated the following condition(s) of supervision:

Violation Number     Nature of Noncompliance

1     **Special Condition #19**: You shall be prohibited from possessing or manufacturing any material, including videos, magazines, photographs, computer-generated depictions, or any other media that depict sexually explicit conduct involving children or adults, as defined at 18 U.S.C. § 2256(2). You shall not enter any establishment involved in the sex industry, including but not limited to adult bookstores, massage parlors, and strip clubs. You shall not utilize any sex-related adult telephone numbers. The supervising officer is authorized to monitor compliance in this area by obtaining relative records including but not limited to telephone, Internet, credit cards and bank statements.

2     **Special Condition #29**: You must not possess or use any computer with access to any on-line computer service without the prior approval of the supervising officer. This includes any Internet service provider, bulletin board system, or any other public or private computer network. You shall not have access to a modem during your term of supervision without the prior approval of the supervising officer.

Prob12C
Re: Knox, Stephen Williams
June 8, 2021
Page 2

**Supporting Evidence**: Mr. Stephen Knox is alleged to have violated special condition number 19 and number 29 on June 4, 2021, by being in possession of a cellular phone with Internet access without the approval of the undersigned officer, and by admitting on the day in question to having viewed pornographic content on the device in question.

On May 5, 2021, the undersigned officer met with the client at the Spokane County Jail for the purpose of conducting a pre-release planning session with the client. As a part of the contact, Mr. Knox's ability to possess an Internet capable device was discussed. Mr. Knox was specifically advised that he could acquire a cellular phone without Internet access, but he was at that time not to possess any device in which Internet connectivity was present. Mr. Knox stated his understanding.

On June 1, 2021, Mr. Stephen Knox reported to the U.S. Probation Office in Spokane to participate in his intake for supervised release services. As a part of the intake process, Mr. Knox's conditions of supervised release relative to cause number 2:15CR0006-WFN-1 were reviewed with him. Mr. Knox subsequently signed his judgment specific to the aforementioned cause serving to document his understanding of the conditions as previously reviewed. Specifically, Mr. Knox was advised that he was to refrain from possessing any computer device with Internet access, and he was to refrain from viewing, possessing or manufacturing pornographic content as outlined and described in special condition number 19.

In addition, and as a part of Mr. Knox's intake process, Mr. Knox advised the intake officer that he had secured a cellular phone without Internet access. Mr. Knox made the device available to staff for inspection, and it was observed that the browser application only served to display and track his current device usage. The device did not allow any attempt to otherwise view Internet content using the application and therefore presented as not having Internet access. Mr. Knox was advised that the device appeared appropriate.

On June 4, 2021, the undersigned officer conducted unscheduled home contact with the client at his personal residence. As a part of the investigation, Mr. Knox gave his approval to the undersigned officer to inspect his cellular device, consistent with his conditions of supervised release, in an effort to verify that the device remained without Internet access. Upon opening the client's Internet browser, a website was displayed in which numerous pornographic images were immediately observed, to include several images that appeared to display minor-aged children posing for the camera.

Mr. Knox was questioned as to any recent viewing of pornographic content, which he denied. Mr. Knox was then confronted on the images located, at which time he admitted to having viewed pornographic content on two separate occasions, to include Wednesday evening, and most recently the night prior. Mr. Knox indicated he thought that he had in fact deleted his history so it would not be detectible by the undersigned officer. Mr. Knox stated that upon arriving home he learned the device had Internet access and he was unable to resist viewing the content. Mr. Knox further advised that he did not feel as though he would be able to stop viewing the content if the device was left in his possession. Mr. Knox admitted that he should have previously advised the undersigned officer as to his Internet access, as well as his desire to view pornographic content.


Prob12C
Re: Knox, Stephen Williams
June 8, 2021
Page 3

The device was subsequently seized on the day in question by the undersigned officer and is currently awaiting further analysis to determine the full scope of any additional content that may be located on the device.

The U.S. Probation Office respectfully recommends the Court issue a **SUMMONS** requiring the offender to appear to answer to the allegation(s) contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:   June 8, 2021

s/Chris Heinen

Chris Heinen
U.S. Probation Officer

---

THE COURT ORDERS

[ ]   No Action
[ ]   The Issuance of a Warrant
[X]   The Issuance of a Summons
[ ]   Other

Signature of Judicial Officer

6/9/2021
Date